UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHATSWORTH PRODUCTS, INC., § § | |
| Plaintiff, § § | Civil Action No. _____ |
| v. § § | JURY TRIAL DEMANDED |
| DAMAC PRODUCTS LLC, § § | |
| Defendant. § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Chatsworth Products, Inc., for its Complaint against Defendant, Damac Products LLC, alleges as follows:

### THE PARTIES

1. Plaintiff Chatsworth Products, Inc. ("Plaintiff" or "Chatsworth") is a corporation organized under laws of the State of Delaware. Chatsworth's headquarters is located in Westlake Village, California, and Chatsworth has a facility located at 3004 South Austin Avenue, Georgetown, Texas 78626.

2. Defendant Damac Products LLC ("Defendant" or "Damac") is a limited liability company organized under the laws of the State of Delaware and has a principal place of business at 14489 Industry Circle, La Mirada, California 90638.

### JURISDICTION AND VENUE

3. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Damac because, upon information and belief, a reasonable opportunity for discovery will show that Damac has distributors in this judicial district, conducts business in this judicial district, and/or has committed acts of infringement within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, upon information and belief, a reasonable opportunity for discovery will show that Damac has committed acts of infringement within this judicial district and has a regular and established place of business within this judicial district as construed under applicable law.

## BACKGROUND

7. On May 20, 2014, the United States Patent and Trademark Office issued U.S. Patent No. 8,730,665 (the "665 Patent"), which is entitled "Vertical Exhaust Duct."  A true and correct copy of the 665 Patent is attached hereto as **Exhibit A**.

8. Chatsworth is the assignee and owner of the 665 Patent.  By virtue of its ownership of the 665 Patent, Chatsworth has the right to assert all causes of action arising under the 665 Patent and the right to any remedy of infringement of the 665 Patent.

9. The 665 Patent discloses and claims inventions relating to innovative vertical exhaust duct systems that can be used with enclosures for electronic equipment, *e.g.*, servers.  Those patented duct systems help exhaust hot air from the enclosure, resulting in improved thermal management of the enclosure.

10. Chatsworth makes and sells vertical exhaust duct products incorporating the inventions of the 665 Patent.  Chatsworth marks these products with the 665 Patent number pursuant to 35 U.S.C. § 287.

11.     Damac makes, imports, sells, and/or offers for sale air exhaust ducts that direct hot air vertically out of the top of server racks ("Damac Air Exhaust Ducts").  *See* **Exhibit B**, excerpts from Damac's Catalog including page 24, and **Exhibit C**, pages from Damac's website.

12.     By a letter sent on August 28, 2015, Chatsworth notified Damac that Chatsworth believed that Damac's vertical air exhaust duct products may use technology covered by the 665 Patent and asked Damac if it would be interested in taking a license under Chatsworth's patents. *See* **Exhibit D**.  Damac did not respond to that letter.

13.     Chatsworth sent a letter on January 27, 2016, again stating Chatsworth's position as to Damac's vertical air exhaust duct products and Chatsworth's 665 Patent.  *See* **Exhibit E**. That letter also asked Damac to acknowledge that letter.

14.     On February 23, 2016, Damac returned the January 27, 2016, letter with no other response.

15.     The August 28, 2015 letter to Damac constituted actual notice to Damac by Chatsworth of infringement of the 665 Patent pursuant to 35 U.S.C. § 287.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,730,665

16.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint.

17.     Damac Air Exhaust Ducts direct hot air vertically out of the top of electronic equipment enclosures.

18.     Damac Air Exhaust Ducts have two rectangular duct sections.  One of the duct sections fits closely within and slides vertically within the other duct section to provide vertical height adjustment of the duct formed by the two sections.

19.     One duct section of the Damac Air Exhaust Ducts has a lower edge that attaches to an electronic equipment enclosure.

20. Damac Air Exhaust Ducts bolt onto electronic equipment enclosures.

21. Damac Air Exhaust Ducts infringe at least claim 24 of the 665 Patent.

22. Damac has been and is infringing the 665 Patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing into the United States, including in this district, one or more products covered by at least one claim of the 665 Patent ("Accused Products"), including, but not necessarily limited to, Damac Air Exhaust Ducts, examples of which are shown in Exhibits B and C.

23. Furthermore, on information and belief, Damac's acts of infringement have been made with full knowledge of the 665 Patent. Such acts constitute willful and deliberate infringement, entitling Chatsworth to enhanced damages and attorney's fees.

24. Chatsworth has been irreparably damaged by Damac's infringement to an extent not yet determined, and Chatsworth will continue to be irreparably damaged by such acts in the future unless Damac is enjoined by this Court from committing further acts of infringement.

25. Chatsworth is entitled to recover damages adequate to compensate for Damac's infringement, which in no event can be less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Chatsworth respectfully requests the following relief:

A. That the Court enter judgment in favor of Chatsworth that Damac has infringed and is infringing the 665 Patent;

B. That the Court enter a judgment finding that Damac's infringement has been, and is, willful;

C. That the Court enter a judgment and order under 35 U.S.C. § 284 requiring Damac to pay Chatsworth its damages, including pre-judgment and post-judgment interest, for Damac's infringement of the 665 Patent and that such damages be trebled;

D. That the Court find this case exceptional under 35 U.S.C. § 285, and award Chatsworth its costs and fees in this action, including reasonable attorneys' fees;

E. That the Court enter an order permanently enjoining Damac and its officers, agents, subsidiaries, successors, and employees from further infringement of the 665 Patent; and

F. That the Court grant Chatsworth such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Chatsworth requests a trial by jury of any issues so triable.

DATED: April 26, 2016

Respectfully submitted,

   /s/  *Gary E. Zausmer*
Gary E. Zausmer
State Bar No. 22251350
gzausmer@enochkever.com
ENOCH KEVER PLLC
600 Congress Avenue, Suite 2800
Austin, Texas 78701
(512) 615-1223
(512) 615-1198 (Fax)

Steven J. Hampton
shampton@mcandrews-ip.com
David Z. Petty
dpetty@mcandrews-ip.com
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., 34th Floor
Chicago, IL 60661
(312) 775-8000
[Motions for Admission to Appear *Pro Hac Vice* to be promptly filed upon assignment of case to Court.]

ATTORNEYS FOR PLAINTIFF